IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SARAH WILLIAMS,

        Plaintiff,

v.                                                                                                CIV 01-87 LH/KBM

LARRY G. MASSANARI,[1]
Commissioner of Social Security,

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Plaintiff's Motion to Reverse or Remand. *Doc. 11*. Plaintiff raises two issues: whether the Administrative Law Judge ("ALJ") failed to support his credibility finding and whether at step five he posed a defective hypothetical to the vocational expert.

If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands and Plaintiff is not entitled to relief. *E.g., Hamilton v. Sec'y of Health & Human Servs.,* 961 F.2d 1495, 1497-1500 (10th Cir. 1992). My assessment is based on a review of the entire record, where I can neither reweigh the evidence nor substitute my judgment for that of the agency. *E.g., Casias v. Sec'y of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Castellano v. Sec'y of Health & Human*

---

[1] On March 29, 2001, Larry G. Massanari became the Acting Commissioner of Social Security. In accordance with FED. R. CIV. P. 25(d)(1), Mr. Massanari is substituted for Kenneth S. Apfel as the Defendant in this action.

*Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994) (internal quotations and citations omitted). Having carefully reviewed the administrative record, the briefs and relevant authorities, I find Plaintiff's arguments without merit for the reasons set forth in Defendant's response. As such, I confine my analysis to a few comments.

Plaintiff's sole argument with regard to credibility is that "the ALJ completely failed to support his credibility finding. There is no discussion anywhere in the body of the ALJ's Decision regarding Ms. Williams' credibility." *Doc. 12* at 4. I cannot agree. In finding Plaintiff has the residual functional capacity for sedentary work, the ALJ accurately described the limitations Plaintiff testified she has, and evaluated those in light of the objective medical findings in the record. His opinion is thorough and well-reasoned. Although the ALJ did not specifically use the word "credible," his opinion clearly found the record did not support Plaintiff's limitations to the degree she alleged. As the Tenth Circuit recently noted, "[c]ontrary to plaintiff's view, our opinion in *Kepler* [*v. Chater,* 68 F.3d 387 (10th Cir. 1995)] does not require a formalistic factor-by-factor recitation of the evidence. So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the dictates of *Kepler* are satisfied." *Qualls v. Apfel,* 206 F.3d 1368, 1972 (10th Cir. 2000). Here, the ALJ's credibility determination is "closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *See Kepler.* 68 F.3d at 391 (internal quotations and citations omitted); *see also Casias,* 933 F.2d at 801 (courts should "defer to the ALJ as trier of fact, the individual optimally positioned to observe and assess witness credibility."). Thus, I find this claim without merit.

Plaintiff's complaints concerning the hypothetical to the vocational expert is three-fold. Two of those arguments are based on medical conclusions the ALJ found were not supported by

2

the record.  As Defendant notes, however, the ALJ's decision explains the reasons why he rejected those particular findings and what evidence he considered in reaching the conclusions he did.  Following her divorce, Plaintiff was briefly hospitalized in a psychiatric institution on three occasions during Fall 1992 and Spring 1993.  Based upon the medical evidence and Plaintiff's testimony, the ALJ found , however, that Plaintiff:  responds "excellently" to her medication without side effects; indicated she ceased psychiatric treatment three years after her hospitalizations and three years before the hearing because "there was no reason to be under active treatment;" and has had no "episodes of deterioration or decompensation in a work or work-like setting."  *See Administrative Record* ("*Record*") at 17-18.

Plaintiff does not argue that the ALJ's conclusions for the relevant time period, December 4, 1997 through April 25, 2000, are not supported by substantial evidence.  Having reviewed the record, I find the ALJ's decision concerning the severity of Plaintiff's psychological impairments are in fact supported by substantial evidence.

Plaintiff's final contention is that the ALJ failed to include in his hypothetical Dr. Paula Hughson's finding Plaintiff is "probably a good candidate for well-structure, intensive, long-term vocational rehabilitation," arguing that this finding "indicates that Ms. Williams is not ready for competitive employment."  *Doc. 11* at 5.  This argument disregards the ALJ's conclusions above, which are supported by substantial evidence, and takes Dr. Hughson's remark out of context:

> [Plaintiff] seems to have benefitted from therapy and, fortunately, seems to be a person with an excellent response to Prozac and without any problems with side effects, so that this seems an excellent medication for her.  It seems regrettable to us that she did not continue with regular psychotherapy after her therapist left Valencia County Counseling Services.  She still needs much help in terms of processing past traumas and also in terms of developing

> more insight, better coping mechanisms in terms of her interpersonal relationships. She remains largely a very immature person who is mostly motivated by her strong dependency needs and without sufficient control over her considerable impulsivity. She is probably an excellent candidate for good, well-structured, intensive and long-term vocational rehabilitation and there are activities that seem particularly well-suited for her, such as driving, which she both likes and which probably suits her high-strung temperament.

*Record* at 136. As opposed to suggesting limitations on Plaintiff's employability, in context, the remark suggests the opposite. Accordingly, I also find Plaintiff's second and final claim without merit.

Wherefore,

**IT IS HEREBY RECOMMENDED THAT** Plaintiff's motion be denied and the decision of the Commissioner affirmed.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE